D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HOUSTON DOUGLAS,

                    Petitioner,

        -against-

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.
------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 2 1 2016 ★
BROOKLYN OFFICE

ORDER

12-CV-3839 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 1, 2012, Petitioner Houston Douglas ("Petitioner") brought this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2006 conviction from the Supreme Court of the State of New York, Kings County. (Pet. (Dkt. 1).) Respondent filed an opposition brief on October 12, 2012 (Resp. to Order to Show Cause (Dkt. 5)),[1] and Petitioner filed a reply on April 1, 2013 (Pet'r's Reply (Dkt. 12)). By Order dated May 15, 2014, the court referred the Petition to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (May 15, 2014, Order (Dkt. 15).)

On November 3, 2015, Judge Bloom issued an R&R recommending that the court deny the Petition. (R&R (Dkt. 17) at 22.) On December 28, 2015, Petitioner filed an objection to Judge Bloom's R&R.[2] (Obj. to R&R ("Pl.'s Obj.") (Dkt. 20).) For the reasons set forth below, Plaintiff's objections are OVERRULED and the R&R is ADOPTED IN FULL.

---

[1] The proper respondent in this case is the official who has custody of Petitioner, not the People of the State of New York. See 28 U.S.C. § 2243. Here, the District Attorney of Kings County represented Respondent by agreement with the Attorney General of the State of New York. (Resp. to Order to Show Cause (Dkt. 5) ¶ 2.)

[2] The court granted Petitioner an extension of time to file objections to the R&R. (Order (Dkt. 19).)

1

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).

However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal quotation marks and citation omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Where a pro se party objects to an R&R, "the court reads his objections 'liberally and will interpret them to raise the strongest arguments that they suggest.'" Velasquez v. Metro Fuel Oil Corp., 12 F. Supp. 3d 387, 398 (E.D.N.Y. 2014) (quoting Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994)). However, a court "need not argue a pro se litigant's case nor create a case for the pro se which does not exist." Molina v. State of N.Y., 956 F. Supp. 257, 259 (E.D.N.Y. 1995).

Plaintiff's objections are entitled only to clear error review because they are either conclusory or are simply reiterations of his original arguments. First, Petitioner asserts that Judge Bloom is biased and prejudiced against him, and that she should have recused herself from this case. (Pl.'s Obj. at 1.) This objection is conclusory, as Petitioner does not present any explanation or evidence in support of his allegation. See Person v. General Motors Corp., 730 F. Supp. 516, 518 (W.D.N.Y. 1990) ("In general, unsubstantiated suggestions of personal bias or prejudice do not mandate recusal."). Petitioner's other objections simply repeat his arguments that he was deprived of his Sixth Amendment right to counsel. (See Pl.'s Obj. at 2; Pet. at 6-7, 9-10.) Judge Bloom fully addressed these arguments in her well-reasoned R&R. (See R&R at 14-20.) The court therefore has reviewed Judge Bloom's R&R for clear error and finds none. See Pall Corp., 249 F.R.D. at 51 ("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks and citation omitted)). In addition, even under de novo review, the court finds no error.

Finding no error, the court OVERRULES Petitioner's objections, ADOPTS IN FULL the R&R and DENIES Petitioner's Petition for a writ of habeas corpus. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order). Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2). The court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal from this judgment would not be taken in good faith, and in forma pauperis status is therefore denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

s/Nicholas Garaufis

Dated: Brooklyn, New York
January 30, 2016

NICHOLAS G. GARAUFIS
United States District Judge